IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

MAJED SUBH                              )
                                        )
        Plaintiff,                      )
                                        )
    v.                                  )   1:10cv433(LMB/TRJ)
                                        )
DEPARTMENT OF THE ARMY, U.S.            )
    ARMY RECORDS MGMT. &                )
    DECLASSIFICATION AGENCY             )
                                        )
        Defendant.                      )

FILED
NOV 30 2010
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

## MEMORANDUM OPINION

Before the Court is defendant's Motion for Summary Judgment [Dkt. No. 16]. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before us and argument would not aid the decisional process. For the reasons stated below, defendant's Motion for Summary Judgment will be granted and judgment will be entered in favor of defendant.

## I. Background

This is a civil action in which plaintiff Majed Subh, proceeding pro se, seeks relief from the Army's decision to deny his request to amend one of his answers on Standard Form 86, a "Questionnaire for National Security Positions," which Subh had submitted in connection with a job application. According to Subh's Complaint, he applied for a position as a linguist with Global Linguist Solutions, a company that provides translation and interpretation services for the U.S.

military. Pl.'s Compl. ¶ 1.¹ As part of that application process, Subh was required to complete the Standard Form 86 questionnaire and to submit to a review by the U.S. Army Intelligence and Security Command ("INSCOM").

Question 22 on Standard Form 86 relates to arrests and convictions for engaging in criminal activity, and asks applicants to indicate whether they have "ever been arrested by any police officer, sheriff, marshal, or any other type of law enforcement officer." See Gov't Ex. 3 (excerpt of Form 86); see also http://www.opm.gov/forms/pdf_fill/sf86.pdf. The question further instructs applicants that they must report that information on the questionnaire "regardless of whether the record . . . has been sealed, expunged, or otherwise stricken from the court record, or the charge was dismissed." Id. The only convictions that may be exempted from the reporting requirement include convictions expunged under the Federal Controlled Substances Act for which the court issues an expungement order under the authority of 21 U.S.C. § 844 or 18 U.S.C. § 3607.

When Subh first filled out the Standard Form 86 questionnaire, he falsely answered "no" to question 22. However, Subh now admits that he in fact was arrested in Delaware in April 2007 for "menacing" a Wal-Mart employee.

---

¹ Subh's Complaint does not indicate when he applied for that position.

See Pl.'s Answer to Def. Mot. for Summ. J. at 1-2. Subh pled nolo contendere to that charge on May 1, 2008 before the Court of Common Pleas of the State of Delaware, in New Castle County. Id. at Ex. D. The charge was dismissed on October 14, 2008, following Subh's successful completion of a period of "probation before judgment." Id.

During Subh's follow-up interview with an Army INSCOM official, the INSCOM representative conducting the interview confronted Subh about his response to question 22, and informed Subh that the interviewer's records indicated that Subh had previously been charged with criminal activity.[2] See Gov't Ex. 2. Subh admitted that he had been arrested in 2007, but claimed that he did not realize that he was required to report that information because the charges against him had ultimately been dismissed. Id. According to Subh, the interviewer advised him that he should have answered "yes" to question 22. Subh then attempted to fill out another Standard Form 86, answering "yes" to question 22, and sent that second questionnaire to the U.S. Army Records Management and Declassification Agency. See Pl.'s Answer to Def. Mot. for

---

[2] Subh alleges that the Clerk's Office for the Court of Common Pleas in Wilmington, Delaware had erroneously failed to remove his conviction from the court's records. However, even if the conviction had been properly expunged, Subh's nolo contendere plea, the Delaware court's entry of probation before judgment, and the subsequent dismissal of the charge would likely still be matters of public record.

Summ. J. at 1-2.

Subh then made an administrative request to the Army INSCOM Freedom of Information Act/Privacy Act Office ("FOIA/PA Office") to amend his original response to question 22 on the first Questionnaire for National Security Positions that he completed. On June 30, 2009, the INSCOM FOIA/PA Office wrote to Subh to inform him that his request for an amendment had been denied, citing Subh's violation of the "clear [instruction]" in question 22 that required him to list any convictions or arrests, regardless of whether the charges against him were later dismissed. See Gov't Ex. 6. Subh appealed that decision to the Department of the Army Privacy Act Review Board, which denied the appeal on December 18, 2009. See Gov't Exs. 8-11.

The December 18, 2009 letter denying Subh's appeal informed him of his right to seek judicial review of the decision and his right to submit a "Statement of Disagreement" to INSCOM that would be made part of Subh's record. Id. at Ex. 11. Subh submitted a Statement of Disagreement on March 31, 2010, and filed the instant judicial action on April 28, 2010. His one-page pro se Complaint seeks "judicial review of the army's refusal to amend plaintiff's record." Pl.'s Compl. ¶ 1. Subh alleges that the failure of the Army Records Management and Declassification Agency to amend his original Standard Form 86 questionnaire "caused his interpreter company

4

'Global Linguist Solutions' to cease his hiring and stop his job as a contract linguist interpreter, translator and culture advisor." Id. ¶ 2. Accordingly, Subh requests relief in the form of "amending [his] answer to question 22 of SF86." Id. ¶ 3.

Defendant filed a Motion for Summary Judgment on November 3, 2010, arguing that Subh has no justification for his failure to disclose his April 2007 arrest on the Standard Form 86 questionnaire, and that as a matter of law, Subh is not entitled to any of the relief he requests under the Privacy Act.[3]

## II. Standard of Review

Summary judgment is appropriate where the record demonstrates "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P 56(c). A genuine issue of material fact exists only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc. 477 U.S. 242, 247-48 (1986).

In ruling on a motion for summary judgment, the court must view the record in the light most favorable to the nonmoving party. See Bryant v. Bell Atl. Md., Inc., 288 F.3d

---

[3] Defendant filed the proper Roseboro notice along with that Motion.

124, 132 (4th Cir. 2002). However, "the mere existence of a scintilla of evidence in support of the [nonmovant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmovant]." Anderson, 477 U.S. at 252; see also Othentec Ltd. v. Phelan, 526 F.3d 135, 140 (4th Cir. 2008).

## III. Discussion

Summary judgment is appropriate in favor of defendant in this action because the Privacy Act does not entitle Subh to the relief he seeks, and defendant is therefore entitled to judgment as a matter of law.

The provision of the Privacy Act at issue here, 5 U.S.C. § 552a(d), allows an individual to access federal agency records "pertaining to him," and provides the individual with the right to request amendment of any record that is not "accurate, relevant, timely, or complete." 5 U.S.C. § 552a(d)(2)(B)(1); see also 32 C.F.R. § 505.6(a)(2)-(3) ("The standard for amendment is that the records are inaccurate as a matter of fact rather than judgment, irrelevant, untimely, or incomplete."). If an agency refuses to amend its records, the individual may request an administrative appeal. 5 U.S.C. § 552a(d)(3). If that administrative appeal is denied, the individual is entitled to a written explanation of the agency's decision and may place a concise "Statement of

Disagreement" in the relevant file.  <u>Id.</u>

The Privacy Act also provides for limited <u>de novo</u> judicial review of agency decisions regarding record-keeping. However, as in the internal administrative appeal process, the only remedies available to a plaintiff who brings suit in a federal district court under § 552a(d) of the Privacy Act are: (i) correction of a record that is inaccurate, irrelevant, untimely, or incomplete; (ii) a statement by the agency explaining the agency's reason for its refusal to amend the record; and (iii) the right to place a "Statement of Disagreement" in the plaintiff's file if the agency declines to make the correction requested. <u>See</u> 5 U.S.C. § 552a(d)(2)(B)(i)-(ii); 5 U.S.C. § 552a(d)(3). Importantly, the Privacy Act does not provide an avenue for a plaintiff to obtain judicial review of the substance of an agency's decision. <u>See, e.g.</u>, <u>Reinbold v. Evers</u>, 187 F.3d 348, 361 (4th Cir. 1999) (holding that while the Privacy Act permits an individual to contest the accuracy of facts contained in an agency's administrative records, it does not "allow a court to alter records that accurately reflect an administrative decision, nor the opinions behind that administrative decision, no matter how contestable the conclusions may be").

In this case, it has often been unclear precisely what relief Subh is requesting. In his Complaint, Subh initially appeared to contest the requirement that he list all arrests

7

and criminal charges in his Standard Form 86 questionnaire, including those charges against him that were ultimately dismissed. See Compl. ¶ 1 ("Plaintiff has originally requested the amendment because he was following the state codes 'no need to mention any dismissed & expunged cases for any agency for any reason.'") [sic]. However, Subh's response to defendant's Motion for Summary Judgment makes clear that he now agrees that he was required to report, and should have reported, his 2007 arrest on the form, and in fact is seeking a judgment requiring the Army Records Management Agency to amend block 22 of his original Standard Form 86 by retroactively changing his "no" answer to "yes." See Pl.'s Answer to Def. Mot. for Summ. J. at 2 ("[P]laintiff is seeking the help of the united district court for the eastern district of Virginia and its honorable judges to convince the army to accept plaintiff agreeing and mentioning the requirement . . . to be reported as related to plaintiff 2007 arrest.") [sic].

However, that relief is simply not available to Subh under the Privacy Act. The Privacy Act allows an individual to seek amendment of a federal agency's records pertaining to him if those records are factually inaccurate, but the Fourth Circuit has held that the Act may not be invoked "to force an agency to 'rewrite history, changing the record in Orwellian fashion to pretend that [the agency] reached some other conclusion.'" Reinbold, 187 F.3d at 360 (quoting Douglas v.

<u>Agric. Stabilization & Conservation Serv.</u>, 33 F.3d 784, 785 (7th Cir. 1994)). Yet that is precisely what Subh requests in this case: he wishes to rewrite history to pretend that he correctly answered "yes" to question 22, when in fact he falsely answered "no" until he was challenged by an Army INSCOM officer about his omission.

In essence, having now been confronted with his actual arrest record, Subh seeks to turn back the clock and answer the question regarding his criminal history as he should have answered it in the first place. However, Subh has not cited a single case supporting such a novel interpretation of the Privacy Act, nor is there any support in the text of the Privacy Act itself for allowing a plaintiff to erase all evidence of the fact that he initially failed to disclose information which he was required by law to make known. The Privacy Act plainly does not exist to allow applicants to obtain such a "do-over" of their security forms in the guise of an administrative "correction."

Moreover, the fact that Subh himself filled out Standard Form 86 means that under the circumstances, the only "fact" that the questionnaire memorializes is that Subh originally answered "no" to question 22. That is a fact that Subh does not - and indeed, cannot - dispute. <u>See</u> Pl.'s Answer to Def. Mot. for Summ. J. at 1 (admitting that the first time Subh filled out the national security questionnaire, he answered

"no" to question 22). Both parties now agree that Subh's original answer in the negative was false, but that error is attributable to Subh alone, as the terms of question 22 made abundantly clear that he was required to report whether he had "*ever been arrested . . . regardless* of whether the record . . . has been sealed, expunged, or otherwise stricken from the court record, or the charge was dismissed." Gov't Ex. 3 (emphasis added).

In this case, therefore, the only remedy available to Subh is his right to place in his administrative file "a concise statement setting forth [his] reasons for . . . disagreement with the refusal of the agency" to change his record. 5 U.S.C. § 552a(d)(3). That is the limit of Subh's rights under the Privacy Act, and it is relief that Subh has already received. Accordingly, defendant is entitled to judgment as a matter of law on Subh's Privacy Act claims.

## IV. Conclusion

For these reasons, defendant's Motion for Summary Judgment [Dkt. No. 16] will be granted and judgment will be entered in favor of defendant by an Order to be issued with this Memorandum Opinion.

Entered this 30th day of November, 2010.

Alexandria, Virginia

/s/ _____
Leonie M. Brinkema
United States District Judge